UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------x
JOSE BRAZOBAN and MAGAN DOUCOURAY,

Plaintiffs,

**FIRST AMENDED COMPLAINT**

-against-

26 CV 866

THE CITY OF NEW YORK,
CHRISTOPHER KRAEMER,
PAULA OCONNOR,
DANIEL BACKIEL,
DAN AST,
JOHN AND JANE DOES 1-5,

Defendants.
--------------------------------------------------x

## PRELIMINARY STATEMENT

The plaintiffs, JOSE BRAZOBAN and MAGAN DOUCOURAY by their attorney, VIK PAWAR, ESQ., complaining of the defendants respectfully alleges, upon information and belief: Plaintiff brings this lawsuit under 42 U.S.C. 1983 and 42 U.S.C. 1988 for violation of his rights under the U.S. Constitution.

## FACTS

1. Both Plaintiffs are residents of the State of New York.

2. Defendant CITY OF NEW YORK ("CITY") is a municipal corporation who oversees the NYPD.

3. Defendants Kraemer, OConnor, Backiel, Ast, and JOHN and JANE DOES 1-5 are/were NYPD officers at the time of the incident.

4. This lawsuit highlights the NYPD's continued harassment of individuals who are minorities.

5. While the NYPD ostensibly curbed their discriminatory "stop and frisk" activities, they have embarked on a new mission to harass minorities by using a pre-text to car stops to discriminate against them.

6. On April 18, 2023 at approximately 11 a.m. Doucouray was getting ready to visit his home country of Mali.

7. Around that time and near 127th street, he was pulled over by defendant officers.

8. Doucouray had not committed any crimes and had not violated any VTL laws.

9. The defendants held him for nearly and hour and then concocted a story that he had a warrant for his arrest.

10. Doucouray was brought to PSA 5 and then Central Bookings.

11. After nearly 30 hours in custody, he was brought before a judge and the charges against him dismissed at arraignment.

12. As a result, he missed his flight to Mali.

13. On September 6, 2023, Brazoban was driving in the neighborhood of Brooke Avenue and 149th street when he was unlawfully pulled over by the defendants.

14. Brazoban had committed no crimes or violated any VTL laws.

15. Defendants asked Brazoban for his license and registration and he complied.

16. Despite his compliance he was transported to the 40th precinct and held until 7 pm the next day and released without any charges filed against him.

**AS AND FOR THE FIRST CAUSE OF ACTION**
(False Arrest/Seizure under 42 U.S.C. 1983)

17. Plaintiffs repeat and reallege all of the foregoing paragraphs as if fully set forth herein.

18. The named defendant and Defendants JOHN and JANE DOES 1-5 unlawfully seized and arrested plaintiffs.

19. There was no probable cause or arguable probable cause for their arrests.

20. As a result of defendants' conduct plaintiffs suffered constitutional injuries.

**AS AND FOR THE SECOND CAUSE OF ACTION**
(No Qualified Immunity Defense under NYC Law)

21. Plaintiffs repeat and reallege all of the foregoing paragraphs as if fully set forth herein.

22. Defendants are not entitled to Qualified Immunity because the NYC law prohibit such defense.

**AS AND FOR THE THIRD CAUSE OF ACTION**
(Municipal Liability against the CITY for Monell)

23. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

24. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

25. The aforementioned customs, usages, and practices of the CITY included, but were not limited to, arresting, assaulting individuals suspected of crimes without due process. In addition, the CITY engaged in a custom or practice of inadequate screening, hiring, retaining, training, disciplining and supervising its employees, which was the moving force behind the violation of Plaintiff's rights as described herein.

26. In addition, the Defendant's superior officers whose duty was to review and screen all arrests for propriety upon presentation by the officer seeking to make an arrest routinely ratified such arrests without questioning the facts underlying same.

27. Furthermore, the individual defendants have a practice and custom of ignoring the mandates of the patrol guide, which requires them to prepare several forms before, and after an arrest is made. As a result of the failure of the CITY to properly recruit, screen, train, discipline,

and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to the acts and conduct complained of herein

28. This lack of inaction is a defacto policy that led to violation of plaintiff's constitutional rights.

**AS AND FOR THE FOURTH CAUSE OF ACTION**
(Denial of Right to Fair Trial)

29. Plaintiffs repeat and reallege al of the foregoing paragraphs as if fully set forth here.

30. Defendants falsely arrested plaintiffs on false charges.

31. Defendants fabricated evidence that showed that plaintiffs were wanted or otherwise committed a crime.

32. Defendants knew that plaintiffs were innocent.

33. Yet they trumped up charges to detain plaintiffs without any probable cause.

34. As a result, plaintiffs' rights were violated.

WHEREFORE, Plaintiff demand judgment and pray for the following relief, jointly and severally, against the defendants:

a Full and fair compensatory damages in an amount Two Hundred Thousand Dollars for each and every cause of action for each plaintiff against defendants (individually or collectively) or as determined by a jury;

b Punitive damages in an amount to be determined by a jury;

c Reasonable attorney's fees and the costs, expenses and disbursements of the action; and

d Such other and further relief as appears just and proper.

Dated: May 18, 2026
New York, New York 10007

Respectfully,

*/s Vik Pawar*
Vik Pawar Law
20 Vesey Street, Suite 500
New York, New York 10007
212 571 0805
www.pawarlaw.com